IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER CURTIS MILLARD**,

    Plaintiff,

    v.

**OREGON DEPT. OF CORRECTIONS**,
a public entity,

    Defendant.

Case No. 2:12-cv-01244-SI

**OPINION AND ORDER**

Peter Curtis Millard, 12061124, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882. *Pro se*.

Shannon M. Vincent and Robert E. Sullivan, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Plaintiff Peter Curtis Millard ("Millard") brought this suit *pro se* against Defendant Oregon Department of Corrections ("ODC") pursuant to 42 U.S.C. § 1983 and under Oregon state law. Dkt. 4. ODC filed a motion for summary judgment on August 26, 2013 (Dkt. 61), and Millard's response was due on September 30, 2013. On September 27, 2013, Millard filed a motion for continuation of discovery under Federal Rule of Civil Procedure 56(d). Dkt. 67. For the reasons stated below, Millard's motion is **GRANTED**.

## STANDARDS

    Federal Rule of Procedure 56(d) provides that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

PAGE 1 – ORDER

the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 1450 F.3d 850, 853 (9th Cir. 1998). Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). "Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Id.* (citing *Klingele*, 849 F.2d at 412).

## BACKGROUND

Millard brought suit against ODC pursuant to 42 U.S.C. § 1983 and Oregon state law seeking declaratory and monetary relief. Dkt. 4. Millard alleges that ODC engaged in acts or omissions amounting to deliberate indifference to Millard's serious medical needs and denial of his substantive due process rights under the United States Constitution. *Id.* Millard moves for a continuation of discovery pursuant to Federal Rule of Civil Procedure 56(d), alleging that ODC did not respond to the following discovery requests: (1) Third Request for Production of Documents; (2) First Interrogatories to Defendants Mitchell, Bare, and Smith; (3) First Interrogatories to Defendants Roberts, Lytle, and Herrera; and (4) First Interrogatories to Defendants Shelton and Gower. Dkt. 68 at 1-2.

ODC responds that Millard's discovery requests were not timely served. Based on the date the requested discovery was served, ODC's responses to Millard's discovery requests were due between August 28, 2013 and September 26, 2013, after the close of the discovery on August 26, 2013. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Court Order July 22, 2013, Dkt. 59 (providing that "all pretrial, discovery, and dispositive motions are due by August

PAGE 2 – ORDER

26, 2013"). ODC also states that it partially responded to Millard's Third Request for Production of Documents on August 27, 2013. Dkt. 69. ODC offered a matrix to prove it responded to Millard's request, but does not clearly identify which Request for Production the produced documents correlate to or the date those responses were sent to Millard.

## DISCUSSION

The Court has authority to permit Millard to conduct limited discovery pursuant to Rule 56(d). Because Millard is a *pro se* plaintiff, the Court views Millard's efforts to comply with discovery more leniently, particularly because he acted reasonably and diligently in pursuing discovery. *See Jonas*, 393 F.3d at 930. The Federal Rules of Civil Procedure require that requests for production of documents and interrogatories be served 30 days before the close of discovery to allow an opposing party to submit a timely response. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). All of Millard's discovery requests were served by August 26, 2013, but after the 30-day cutoff that allows ODC to provide a timely response. Millard is unlikely to know the procedural intricacies of serving a request for production of documents or interrogatories, and based on his timing, it appears he was attempting to comply with the Court's discovery deadline. Thus, the Court finds that Millard acted reasonably and diligently in attempting to comply with the Court's discovery order.

Millard's discovery requests appear directed to elicit facts that he had a serious medical need by virtue of his February 5, 2011 thumb injury, that the individually-named defendants were deliberately indifferent to that need, and that the defendants imposed unnecessary rigor when they deferred evaluation or treatment of Millard's injury. *See* Dkt. 68 at 2-6. Specifically, Millard asks for documents related to his medical care and thumb injury. *Id.* His interrogatories generally relate to: (1) the defendants' interactions with Millard during and after the thumb-injury incident; and (2) the defendants' training and knowledge of relevant policies. Millard's

PAGE 3 – ORDER

proposed discovery may create a genuine dispute as to a material fact that could permit him to rebut ODC's motion for summary judgment. *See Margolis*, 1450 F.3d at 853. Thus, these requests are relevant to the allegations in Millard's complaint.

Moreover, even though the government claims it has already answered Millard's Third Request for Production of Documents, it is not clear based on the "matrix" provided to the Court precisely what ODC provided to Millard. To the extent there are non-privileged, responsive documents that have not yet been produced, ODC must provide those documents to Millard. Therefore, ODC is ordered to reply by January 2, 2014, to the following four outstanding discovery requests:

(1) Plaintiff's First Interrogatories to Defendants Mitchell, Bare, and Smith (served on 8/8/2013);

(2) Plaintiff's First Interrogatories to Defendants Roberts, Lytle, and Herrera (served on 8/14/2013);

(3) Plaintiff's First Interrogatories to Defendants Shelton and Gower (served on 8/26/2013); and

(4) Plaintiff's Third Request for Production of Documents (served on 7/28/2013).

## CONCLUSION

Pursuant to Rule 56(d), Millard's Motion for Rule 56(d) Continuance is **GRANTED**. ODC's response to Millard's four outstanding discovery requests is due by January 2, 2014. Millard's response to ODC's Motion for Summary Judgment (Dkt. 61) is due by February 3, 2014.

**IT IS SO ORDERED.**

DATED this 27th day of November, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge